## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **NIGEL JABBAR SCOTT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-178-D |
| | ) | |
| **GREG PROVINCE,** | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254,[1] seeking habeas relief from the revocation of his suspended sentence for a state court conviction. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response has been filed, as well as a reply. Thus, the matter is now at issue. For the following reasons, it is recommended that the petition be denied.

---

[1] It appears the petition should be construed as arising under 28 U.S.C. § 2241. See Stoltz v. Sanders, Nos. 00-6188, 00-6288, 2000 WL 1730894 at *1 (10th Cir. Nov. 22, 2000) ("To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity."). However, in other unpublished decisions from this Circuit, the Court, without comment, addressed the petition as one brought under 28 U.S.C. § 2254, even though it was brought by a state prisoner challenging the revocation of a suspended sentence. See Morales v. Jones, CIV-08-1283-C, 2009 WL 2244899 (W.D. Okla. July 27, 2009) (containing compilation of such cases), appeal dismissed, No. 09-6166, 358 Fed. Appx. 3 (10th Cir. Dec. 16, 2009. (These and any other unpublished dispositions are cited pursuant to Federal Rule of Appellant Procedure 32.1 and Tenth Circuit Rule 32.1).

## I. BACKGROUND

By this action, Petitioner challenges the revocation of a ten year suspended sentence originally imposed on April 11, 2007, following his conviction pursuant to his plea of guilty to one count of receiving a stolen credit card. Petition, 1; Response, 1 n.1; Case No. CF-2006-263, District Court of Stephens County, Docket. Petitioner did not appeal his conviction. Transcript of Change of Pleas, Judgments and Sentences Hearing, 10.

On January 14, 2008, the State filed an application to revoke the suspended sentence, alleging that Petitioner had violated its terms by distributing crack cocaine. Scott v. State, No. RE-2008-270, at 1 (Okla. Crim. App. Aug. 6, 2009) (attached to Response as Ex. 4). A hearing on the application to revoke was held on March 13, 2008, and after testimony by a witness for the State and arguments of counsel, the state trial court found Petitioner had violated the terms of his suspended sentence. Transcript of Hearing on Application to Revoke, 3, 30 [hereinafter Transcript]. The state trial court then revoked Petitioner's suspended sentence and remanded him to the custody of the Oklahoma Department of Corrections for the full ten year term. Transcript, 30-31. Petitioner appealed the trial court's revocation of his suspended sentence to the Oklahoma Court of Criminal Appeals, which affirmed the trial court's decision. Petition, 2; Scott v. State, No. RE-2008-270 (Okla. Crim. App. Aug. 6, 2009) (attached to Response as Ex. 4). Petitioner did not apply for state post-conviction relief. Petition, 2. The petition for federal habeas relief was filed in this Court on February 22, 2010. Petition, 1.

Petitioner raises one argument for relief. He contends that insufficient evidence was presented at the revocation hearing to find that he had violated the terms of his suspended sentence. Petition, 4.

## II. STANDARD GOVERNING PETITIONS FOR HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision but arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the petitioner's case. Williams, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas court still owes deference to the result. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003). A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "'unreasonably applies clearly established federal law.'" Paine, 339 F.3d at 1198 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). The deferential standard of review applies to this petition challenging the sufficiency of the evidence to support the revocation of Petitioner's state court sentence. Lynch v. O'Dell, No. 05-6229, 163 Fed. Appx. 704, 706 (10th Cir. Jan. 18, 2006).

## III. DISCUSSION

Petitioner alleges that the testimony of the State's only witness at the revocation hearing, Justin Scott, an investigator for the Sixth District Attorney's Office, was not enough to find by a preponderance of the evidence that he had distributed crack cocaine in violation of the terms of his suspended sentence. Petition, 4. In support of this argument, Petitioner refers the Court to the arguments set forth in his opening and reply briefs filed with the Oklahoma Court of Criminal Appeals. Petition, 4. There, Petitioner argues that Mr. Scott's testimony is not "competent evidence" because it is merely his unsupported opinion that Petitioner distributed crack cocaine. Response, Ex. 1, at 5. Petitioner also questions the veracity of Mr. Scott's testimony. Response, Ex. 3.

Respondent alleges that the evidence submitted at the revocation hearing was sufficient for the trial court to find by a preponderance of the evidence that Petitioner

distributed crack cocaine in violation of the terms of his suspended sentence. Response, 10-11. Respondent also contends that Petitioner failed to offer any evidence at the revocation hearing showing that revocation was inappropriate. Response, 11. Thus, Respondent alleges that the Oklahoma Court of Criminal Appeals' opinion was a reasonable application of clearly established federal law and a reasonable determination of the facts. Response, 11.[2]

In a summary opinion, the Oklahoma Court of Criminal Appeals found that sufficient evidence was presented to support the trial court's decision to revoke Petitioner's suspended sentence. Scott v. State, No. RE-2008-270, at 2 (Okla. Crim. App. Aug. 6, 2009) (attached to Response as Ex. 4).

Due process requires that sufficient evidence be presented to support the revocation of a defendant's probation. In Black v. Romano, 471 U.S. 606, 615-16 (1985), the Supreme Court held:

> [t]he decision to revoke Romano's probation satisfied the requirements of due process. In conformance with Gagnon and Morrissey, the State afforded respondent a final revocation hearing. The courts below concluded, and we agree, that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation.

Cf. Douglas v. Buder, 412 U.S. 430, 432 (1973) (probation revocation invalid under Due Process Clause where the finding that probation conditions were violated was "totally devoid of evidentiary support").

---

[2]Petitioner also filed a reply brief, the pertinent parts of which are discussed below.

Under Oklahoma law, the prosecution must prove by a preponderance of the evidence that the defendant committed a violation of a condition of probation or parole. See United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing that at a parole revocation hearing "Oklahoma law requires the State to prove 'by a preponderance of the evidence that the terms of the accused's suspension [have] been violated.'") (citing Fleming v. State, 760 P.2d 206, 207 (Okla. Crim. App. 1988)); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, *2 (10th Cir. May 10, 1995) (finding that the "due process rights [of Oklahoma state inmate challenging probation revocation] were not violated by application of the preponderance of the evidence standard of proof" and stating "[t]here is no support for the contention that the standard must be anything higher than a preponderance of the evidence").

Petitioner acknowledges that preponderance of the evidence is the standard of proof required in a revocation proceeding but claims, as he did on appeal, that the State failed to prove by a preponderance of the evidence that he distributed crack cocaine. Petition, 4.

In Oklahoma, a person commits the crime of distribution of crack cocaine when he (1) knowingly or intentionally, (2) distributes, (3) crack cocaine. Oklahoma Uniform Jury Instruction-Criminal, 6-2; see also Okla. Stat. tit. 63, § 2-401(A)(1). As noted, Oklahoma law required the State to prove each of these elements by a preponderance of the evidence. Robinson v. State, 809 P.2d 1320, 1322 (Okla. Crim. App. 1991).

The conditions placed on Petitioner's suspended sentence required him to "refrain from violation of any City, State or Federal laws." Response, Ex. 8. At the revocation

6

hearing, Mr. Scott testified that confidential informants twice purchased crack cocaine from Petitioner. Prior to both purchases, Mr. Scott and other officers met with the confidential informants, searched them and their vehicle for United State currency and controlled substances, issued them a predetermined sum of United State currency, and outfitted them with an audio/video device. Transcript, 6-7, 9. Mr. Scott testified that he searched the confidential informants while another officer searched the vehicle and no controlled substances were discovered during either search. Transcript, 7, 11-12, 14, 15. After these preliminaries were completed, the confidential informants obtained crack cocaine from Petitioner while Mr. Scott monitored the transaction using the audio/video device and visual contact when possible. Transcript, 8, 9-10, 15. The confidential informants and their vehicle were then searched, and crack cocaine was seized. Transcript, 7, 9, 10, 21. Mr. Scott testified that while he did not observe the "actual hand to hand" exchange, subsequent review of the audio/video evidence, especially Petitioner's statements during the transaction, led him to believe based on his training and experience that the confidential informants obtained the crack cocaine from Petitioner. Transcript, 8, 10, 18, 19, 20. Mr. Scott also testified that while at least one confidential informant was compensated for his purchases, he proved himself reliable in fifteen to seventeen prior narcotics transactions. Transcript, 26-27.

In similar cases, the Tenth Circuit Court of Appeals has found that the Oklahoma Court of Criminal Appeals acted reasonably in finding that sufficient evidence existed to revoke the habeas petitioner's sentence even though the jury acquitted the petitioner of the charge for which his sentence was revoked. Lynch v. O'Dell, No. 05-6229, 163 Fed. Appx.

704, 705-06 (10th Cir. Jan. 18, 2006); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718 (10th Cir. May 10, 1995). In Lynch, it appears the only evidence introduced at the revocation hearing was the testimony of the arresting officer who found crack cocaine in a vehicle in which the petitioner was the only occupant. Lynch, 163 Fed. Appx. at 706. Petitioner alleges that Lynch is inapposite because "[t]here were no intermediary factors to rely upon, specifically confidential informants with a vested interest in a specific result of an attempted drug purchase or the need to interpret remarks for consistency with drug sales, to cloud the outcome of [the witness'] investigation and subsequent testimony in the revocation hearing." Reply, 2. Essentially, Petitioner is arguing that the confidential informants' "vested interest" in obtaining drugs from Petitioner and Mr. Scott's interpretation of Petitioner's remarks during the drug buys rendered Mr. Scott's testimony not credible. However, this Court must presume the state trial court's findings of fact, including credibility determinations, are correct unless Petitioner rebuts those findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); see also Valdez v. Ward, 219 F.3d 1222, 1231 (10th Cir. 2000) ("Although the ultimate question of whether [the Petitioner's Miranda] waiver was knowing and intelligent is subject to review under the standards set forth in section 2254(d), any subsidiary factual findings made by the state court are entitled to a presumption of correctness under section 2254(e)." (citations omitted)). In light of Mr. Scott's testimony outlined above, the undersigned determines that Petitioner has failed to show by clear and convincing evidence that the confidential informants were unreliable, especially given Mr. Scott's training and experience in narcotics transactions and his testimony that at least one

of the confidential informants had proved to be reliable on fifteen to seventeen prior drug buys. Transcript, 18, 27. Moreover, while not relevant to the sufficiency of the evidence discussion above, it is noted that Petitioner was subsequently convicted of both drug offenses following a jury trial. See Scott v. State, No. RE-2008-270, at 1, n. 1 (Okla. Crim. App. Aug. 6, 2009) (attached to Response as Ex. 4). Accordingly, the undersigned finds that the Oklahoma Court of Criminal Appeals' finding that sufficient evidence existed to revoke Petitioner's suspended sentence is both a reasonable application of clearly established federal law and a reasonable determination of the facts in light of the evidence presented at the revocation hearing.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 3, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 14th day of May, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE