# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NIGEL J. SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-10-178-D |
| | ) | |
| | ) | |
| GREG PROVINCE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Petitioner, a state prisoner appearing *pro se,* brought this action for a writ of habeas corpus pursuant to 28 U. S. C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. On May 14, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 13] in which he recommended that the petition be denied. Because Petitioner timely objected to the Report and Recommendation, the Court has conducted a *de novo* review.

Petitioner seeks relief from the revocation of his suspended sentence resulting from a state court conviction. As the Magistrate Judge explained in the Report and Recommendation, the record in this case reflects that, on April 11, 2007, the District Court of Stephens County, Oklahoma imposed a ten-year suspended sentence after Petitioner entered a plea of guilty to one count of receiving a stolen credit card. That conviction was not appealed. On January 14, 2008, the State filed an application to revoke the suspended sentence, alleging that Petitioner had violated its terms by distributing crack cocaine. After a March 13, 2008 hearing at which the state court heard the testimony of a District Attorney's office investigator and the arguments of counsel, Petitioner's suspended sentence was revoked. He was sentenced to a ten-year term of imprisonment. Petitioner's appeal of the revocation was affirmed by the Oklahoma Court of Criminal Appeals on

August 6, 2009. He filed this action on February 22, 2010.

In support of his request for habeas relief, Petitioner argues the evidence was insufficient to support revocation of his suspended sentence. He contends that the testimony of the sole witness at the hearing was inadequate to satisfy the state's burden of proof by a preponderance of the evidence.

The Magistrate Judge concluded that the transcript of the revocation hearing established the evidence was sufficient to show, by a preponderance of the evidence, that Petitioner was involved in the distribution of crack cocaine while he was serving a suspended sentence. In the Report and Recommendation, the Magistrate Judge explained in detail the governing law and the facts in the record; he also noted the Oklahoma Court of Criminal Appeals found the evidence sufficient to satisfy the state's burden of proof. *See* Report and Recommendation at pages 4-9. Upon review, the Court finds the Report and Recommendation accurately sets forth the governing legal standards, and the Magistrate Judge correctly applied those standards to the facts of this case.

In his objection to the Report and Recommendation, Petitioner reiterates the arguments asserted in his previous briefs. He does not contend the state court applied an incorrect standard of proof, nor does he dispute the accuracy of the Magistrate Judge's explanation of the applicable law.

The Court concludes that the Magistrate Judge correctly determined that Petitioner is not entitled to habeas relief. The Report and Recommendation [Doc. No. 13] is adopted, and the Petition is denied.

IT IS SO ORDERED this 25th day of June, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE